UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Richmond Division

In re: Umar Farooq                                                  Case No.: 3:24MW00003 (MRC)

## MOTION TO RECONSIDER ORDER FOR SECOND DEPOSITION

COMES NOW, Umar Farooq, by counsel, and respectfully requests that this Honorable Court reconsider its ruling delaying his release from custody and granting Defendant Pahlawan's request for a *possible* additional deposition. Farooq, pursuant to Rule 15(a)(2) of the Federal Rules of Criminal Procedure, again moves for his immediate release from custody. In support of this motion, the material witness states the following, reserving the right to amend, modify or supplement this motion at such time as may be deemed appropriate:

## Background

The Government sought the detention of Umar Farooq as a material witness pursuant to 18 U.S.C. § 3144. The court held a detention hearing on March 1, 2024, and ordered Mr. Farooq detained, given his lack of ties to the United States, his lack of legal status in the United States, and the lack of the financial wherewithal to support himself in the United States pending any trial for which he is a material witness.

Farooq moved to give a deposition pursuant to 18 U.S.C. § 3144 by filing a written motion. Fed. R. Crim. P. 15(a)(2). The court granted this motion and ordered that the deposition be taken.

On September 25, 2024, Farooq and his attorney appeared before the Honorable Marc R. Colombell and Farooq was deposed twice, once as a witness of the Government and once as a

1

witness of one of the five (5) co-defendants. All defendants had the opportunity to cross-examine Farooq; at the conclusion of his testimony in each deposition, the lawyers deposing Farooq concurred on the record that the deposition was concluded and that they required no further deposition testimony from Farooq. Specifically, in response to the question "can this witness be excused for the purpose of the material witness depositions?," Pahlawan, by counsel, responded "Yes." See Deposition of Umar Farooq, p. 170.

On October 11, 2024, Farooq and counsel, with the assistance of a translator, reviewed the transcripts and Farooq signed them under oath. Farooq, by counsel, filed a motion for his immediate release that same day.

On October 15, 2024, the Court entered an order allowing each defendant to object to Farooq's release by 12 p.m. on October 16, 2024. Defendant Pahlawan filed a response to Farooq's motion for immediate release, detailing alleged issues with discovery and objecting to Farooq's release until "counsel can assess the significance of recently-disclosed discovery provided by the government." Specifically, Pahlawan requested "an additional 60 days to assess whether the government's late discovery disclosures require any follow-up depositions of the material witnesses."

The Court entered an Order allowing an additional deposition of Farooq to occur prior to November 15th; this deposition is tentatively scheduled for November 5th.

Mr. Farooq respectfully requests that this Honorable Court reconsider its earlier ruling, deny Pahlawan's request, and release him from jail immediately.

## Law and Argument

Farooq submits that 18 U.S.C. § 3144 governs the release or detention of a material witness. It permits a judicial officer to order the arrest of a material witness to a criminal

proceeding "if it is shown that it may become impracticable to secure the presence of the person by subpoena . . . ." 18 U.S.C. § 3144. "No material witness may be detained because of inability to comply with any condition of release if the testimony of such witness can adequately be secured by deposition, and if further detention is not necessary to prevent a failure of justice. Release of a material witness may be delayed for a reasonable period of time until the deposition of the witness can be taken pursuant to the Federal Rules of Criminal Procedure." Id. Witnesses detained pursuant to 18 U.S.C. § 3144 "may request to be deposed by filing a written motion and giving notice to the parties. The court may then order that the deposition be taken and may discharge the witness after the witness has signed under oath the deposition transcript." Fed. R. Crim. P. 15(a)(2).

As detailed above, Farooq moved to be deposed and this motion was granted—significantly, without objection from any defendant, either at the time of his request or immediately prior to the taking of his deposition. "'Read together, Rule 15(a) and § 3144 provide a detained witness with a mechanism for securing his own release.'" Torres-Ruiz v. U.S. Dist. Ct., 120 F.3d 933, 935 (9th Cir. 1997) (quoting Aguilar-Ayala v. Ruiz, 973 F.2d 411, 413 (5th Cir. 1992)). A petitioner must file a written motion demonstrating his testimony can be adequately secured by a deposition, and that further detention is not needed to prevent a failure of justice. Id. "Upon such showing, the district court *must* order his deposition and prompt release." Id.

Farooq submits that Pahlawan has not shown that his release would result in a failure of justice because defense counsel had an opportunity to cross-examine the material witnesses at the depositions. United States v. Matus-Zayas, 655 F.3d 1092, 1099-1100 (9th Cir. 2011) (holding that a district court "*must* order [a material witness'] deposition and prompt

3

release when it has been demonstrated that the material witness' testimony can adequately be secured by deposition, and that further detention is not necessary to prevent a failure of justice.") (internal quotation marks omitted); United States v. Yida, 498 F.3d 945, 950-52, 58 (9th Cir. 2007) (holding that a video deposition satisfies the Confrontation Clause's requirement that the accused have a prior opportunity to depose the declarant); s*ee also* United States v. Renteria-Castillo, 721 Fed. App'x 708, 709 (9th Cir. 2018) (finding no constitutional violation where a material witness had been deported prior to trial because the witness had a video deposition and defense counsel had an opportunity to cross-examine the witness at the deposition).

      Pahlawan's request is purely speculative; he does not state with any certainty that he was denied a right of confrontation because of the Government's alleged failure to timely provide discovery. Quite the contrary, his counsel state simply that they need additional time to assess information provided to determine whether a follow-up deposition is necessary. Unlike the request of a detained witness, a government or defendant's request that a witness' deposition be taken must show "exceptional circumstances" and that granting the request is "in the interest of justice." See Fed. R. Crim. Pro. 15(a)(1); United States v. Allie, 978 F.2d 1401, 1404 (5th Cir. 1992); United States v. Lai Fa Chen, 214 F.R.D. 578, 579 (N.D. Cal. 2003). While Pahlawan's objection goes on about the Government's Brady obligations for several pages, it fails to (1) make any argument that exceptional circumstances exist for *another* deposition or (2) cite any authority for the proposition that Pahlawan has standing to object to Farooq's request that he be released from jail and returned home.

Federal Rule of Criminal Procedure 15(g) requires that "[a] party objecting to deposition testimony or evidence must state the grounds for the objection during the deposition." No defendant objected to the taking of Farooq's deposition. No provision of Rule 15 allows *any party* to object to a material witness' release upon his written motion, after having signed his deposition testimony under oath. 18 U.S.C. § 3144 states that "[r]elease of a material witness may be delayed for a *reasonable period of time until the deposition of the witness can be taken* pursuant to the Federal Rules of Criminal Procedure"(emphasis added). It does not provide any grounds upon which a party to the criminal action may object and Pahlawan cites no grounds.

Farooq has been held since the Navy interdicted the launch; while he is not a criminal defendant, he has been held in the Northern Neck Regional Jail amongst other defendants for what now amounts to an unreasonable period of time. While his deposition was originally scheduled in May, it was continued for more discovery to be provided to the defendants. His detention has now far-exceeded a reasonable amount of time within which to conduct his deposition-- a deposition which occurred on September 25th. It is now ordered that he be held, in jail, for an additional period of nearly six weeks beyond his deposition date. Respectfully, his detention for nearly the entirety of 2024 has far exceeded the bounds of reasonableness, his deposition has been concluded, and Pahlawan has cited no authority upon which he may object to Farooq's release.

**<u>Conclusion</u>**

Farooq respectfully requests that this Honorable Court reconsider its earlier Order, deny Pahlawan's objection, and release him from custody.

Respectfully submitted,
UMAR FAROOQ


By: _____/s_____
             Of Counsel

Gregory R. Sheldon, Esquire
BainSheldon, PLC
9030 Three Chopt Road
Suite B
Richmond, Virginia 23229
T: (804) 282-8625
F: (804) 282-8629
gsheldon@bainsheldon.com
VSB: 44538

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 17, 2024, I electronically filed the foregoing Motion with the Clerk of the Court using the CM/ECF system, which will then send notification of such filing (NEF) to all counsel of record.

_____/s/_____
Gregory R. Sheldon, Esquire